CHARLES C. SNYDER, Respondent, v. GRIFFITH T. HUGHES, Appellant.

*Costs — when the defendant is entitled to them upon a successful appeal to the County Court from a justice's judgment.*

The plaintiff having recovered a judgment for nine dollars and eight cents in a Justices' Court, the defendant appealed therefrom to the County Court, where a verdict was rendered in his favor; no offer was made by the plaintiff as provided for in section 3070 of the Code of Civil Procedure.

*Held*, that the defendant was entitled to have the costs taxed in his favor.

APPEAL from an order made by the County Court of Oneida county, denying a motion to set aside a judgment for costs entered herein.

The plaintiff recovered a judgment for nine dollars and eight cents in a Justices' Court.

The defendant appealed to the County Court, where a verdict was rendered in his favor.

The plaintiff taxed costs in his favor and entered a judgment therefor. The defendant then moved to strike them out, and his motion was denied.

*Melville & Melville*, for the appellant.

*C. C. Snyder* and *B. O. Jones*, for the respondent.

HARDIN, J. :

"After an expiration of ten days from the time of filing the justice's return, the *action is deemed an action* at issue in the appellate court." (Sec. 3071 of Code of Civ. Pro.) It was an action not specified in section 2863. It was an action in which the demand was for a sum of money only, and therefore fell within the class named in subdivision 4 of section 3228.

In the absence of any other provision the rule presented in section 3228 would entitle the defendant, upon succeeding in an action wholly, to recover his costs. But it is insisted that this case is taken out of such general rule by the language of section 3070. We must construe the several sections so as to harmonize them and give effect to all their provisions, as they relate to the same general subject, to wit, the recovery of costs in the county courts.

By section 3070 a special rule is laid down : (1) When the respondent serves an offer ; (2) in case such an offer is accepted, a special provision is made as to the costs ; (3) " if an offer is not made and the verdict, report or decision upon the appeal is *more favorable* to the appellant by the sum of ten dollars *than* the verdict or decision in the court below ; or if an offer is made and not accepted, and the verdict, report or decision upon the appeal is more favorable to the *appellant* by the sum of ten dollars than the amount of the offer, the appellant is entitled to recover costs upon the appeal, otherwise the respondent is entitled to recover costs." This provision was intended to apply to cases where, though there was a recovery against the appellant, he might recover costs if he succeeded in reducing the recovery against him ten dollars ; (1) when there was no offer made, and (2) when an offer was made and not accepted, and a reduction of ten dollars was made ; (3) In other cases, when there was a recovery against the appellant, the respondent is entitled to costs.

As this case does not fall within either of the exceptions to the general rule as to costs, it must be governed by the general rule to which we have referred. It follows, therefore, that as no recovery was had against the appellant, and the respondent was wholly defeated, the right of the appellant to costs, and the liability of the respondent to pay, are provided for by the general rule as to actions.

(Secs. 3228, 3229.) The County Court improperly denied the motion.

We must reverse its order, with ten dollars costs and disbursements, and grant the motion. As the question is new and somewhat involved by the notes made to section 3070, we think the motion should be granted, as it was denied, without costs.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.

SMITH, P. J., and HAIGHT, J., concurred.

So ordered.